By the Court.

The provision of the statute, on which the defendant’s motion is grounded, has been heretofore * considered as applying to actions upon contract only, [ * 176 ] and not to actions for torts, (a)
It is not, however, certain that it was in the power of the plaintiff to join these two actions in one. The subjects of complaint were different, committed at different times, and by different persons *184 Non constat that, when the plaintiff commenced the first action, he knew of the wrong of which he complains in the second.
But the principle of the point resolved in the case of Morse vs. Hodsdon applies to the case at bar. The actions were in different rights, and different interests were to be affected by them. The defendant and his deputies might have had reason to complain, if the two causes had been joined in one action. The opinion of the judge is confirmed, and the defendant takes nothing by his motion.
*183 ADDITIONAL NOTE.
[Two actions of trespass qu. clans, were commenced, on different days, by A against 15, the one for taking away manure, the other for cutting and carrying away wood, on the same land, returnable before a justice of the peace on the same day ; the damages being laid, in each, at 20 dollars. Held, the plaintiff should recover costs m both suits. — Dorrell vs. Johnson, 17 Pick. 263.
Where two suits are brought at the same term, which might be joined in one, the plaintiff shall have full costs in one of them at his election, and such additional costs in the other, as would have been incurred, had only one action been commenced — Stafford vs. Go’d, 9 Pick 533. —F. H.]
Warren for the defendant.

 [In the English courts, a consolidation rule may be obtained, as well in cases ot tort as of contract.— Tidd. Pr., 8th ed. p. 664. In a modern case, where thirty-seven ejectments had been brought against several tenants, for different premises, on the same demise, Lord Kenyon, C. J., on a rule to show cause why the proceedings in all the cases should not be stayed, and abide the event of a special verdict in one of them, said “ it was a scandalous proceeding; that they all depended precisely on the same title, and ought to be tried by the same record; ” and the rule was made absolute. — Tidil. Pr., p. 666.— See 2 Selw. Pr. 1st ed. 229.—Ad. Eject. 2d ed. 235, 236.— Barnes, 176. — 1 Str. 420. — 1 Smith, 423. — Ed.]